UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| PAUL SYKES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CAUSE NO. 1:16-cv-00070-JTM-SLC |
| | ) |
| LAGRANGE COUNTY CIRCUIT COURT, *et al.*, | ) |
| | ) |
|     Defendants. | ) |

## REPORT AND RECOMMENDATION

Pro se Plaintiff Paul Sykes is advancing various constitutional claims against Defendants LaGrange County Circuit Court, LaGrange County Superior Court, LaGrange County, Bonnie Brown, and Colleen Tracy. (DE 2). Due to Sykes's disregard for this Court's Orders and apparent disinterest in pursuing this case, and pursuant to 28 U.S.C. § 636(b)(1)(b), Federal Rule of Civil Procedure 72(b), and Northern District of Indiana Local Rule 72-1(b), the undersigned Magistrate Judge recommends that this case be DISMISSED as a sanction under Federal Rule of Civil Procedure 16(f) and for failure to prosecute under Rule 41(b). This Report and Recommendation is based on the following facts and principles of law.

### A. *Factual and Procedural Background*

Sykes, who was represented by counsel at the time, filed this lawsuit in January 2016 in Marion County Superior Court, alleging various constitutional claims against Defendants stemming from the judicial process following his arrest in November 2012. (DE 2). The case was subsequently removed to this Court. (DE 1).

On May 17, 2016, Sykes's counsel filed a motion to withdraw (DE 14), which the Court granted after a hearing at which Sykes appeared telephonically (DE 18). The Court stayed the

case for 30 days to afford Sykes time to retain new counsel. (DE 18). Sykes was advised that if he failed to cause new counsel to appear on his behalf by July 3, 2016, he would be deemed to be proceeding pro se. (DE 18). The Court set the case for a preliminary scheduling conference on July 26, 2016. (DE 19).

On June 15, 2016, Sykes filed a motion requesting an extension of time within which to retain new counsel; he explained that he was incarcerated and would be released on June 17, 2016. (DE 24). The Court granted Sykes's motion, extending the stay to July 29, 2016. (DE 25). On June 20, 2016, Sykes filed a notice of change of address to 2438 CR #50, Auburn, IN 46706. (DE 26). The Court subsequently reset the preliminary pretrial conference to August 3, 2016 (DE 27), and then to August 10, 2016 (DE 28).

On August 10, 2016, Sykes failed to telephonically appear for the preliminary pretrial conference. (DE 29). The Court set the matter over for a show cause hearing and scheduling conference on September 13, 2016. (DE 29; DE 30). The Court issued an Order directing Sykes to appear in person at the hearing and show cause why he should not be sanctioned under Rule 16(f)(1) for his failure to appear at the August 10th conference. (DE 30). Sykes was advised that if he failed to appear at the September 13th hearing, additional sanctions may issue, up to and including dismissal of his lawsuit.[1] (DE 30).

Sykes failed to appear at the September 13th hearing. (DE 35). The Court then set the matter over to October 3, 2016, and ordered Sykes to appear in person to show cause why he should not be sanctioned for twice failing to appear. (DE 35; DE 36). Sykes was also ordered to file a written statement with the Court no later than September 28, 2016, stating why he should

---

[1] The Court's mailings to Sykes were later returned as undeliverable. (DE 31 to DE 33).

not be sanctioned under Rule 16(f)(1) for his twice failing to appear. (DE 36). Sykes was again warned that his failure to appear in person for the October 3rd hearing, failure to file the written statement, or failure to show cause may result in dismissal of his case. (DE 36).

Sykes failed to appear at the October 3rd hearing (DE 37), and to date, he has not filed the written statement.

### *B. Discussion*

Federal Rule of Civil Procedure 16(f)(1) provides that the court may, on its own motion, "issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party . . . (A) fails to appear at a scheduling or other pretrial conference; . . . or (C) fails to obey a scheduling or other pretrial order." Specifically, Rule 37(b)(2)(A)(v) authorizes the court to dismiss an action, in whole or part, as a sanction. The "ultimate sanction" of dismissal "is reserved for cases in which the offending party has demonstrated wilfulness, bad faith, or fault." *Long v. Steepro*, 213 F.3d 983, 986 (7th Cir. 2000) (citation omitted).

Aside from sanctions, a district court also has authority under Rule 41(b) to dismiss a case *sua sponte* for lack of prosecution. *See James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005). Dismissal for failure to prosecute is appropriate "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Maynard v. Nygren*, 332 F.3d 462, 467 (7th Cir. 2003) (internal quotation marks and citation omitted).

Here, despite this Court's Orders requiring his presence, Sykes failed to appear at three hearings or conferences—the August 10th preliminary pretrial conference, the September 13th show cause hearing and pretrial conference, and the October 3rd show cause hearing and pretrial

3

conference—and never offered any explanation for his absences, suggesting at least fault, if not some wilfulness, and resulting in a clear record of delay. Furthermore, a court may infer a lack of prosecutorial intent from, among other factors, the failure to appear at a scheduling conference. *GCIU Employer Ret. Fund v. Chicago Tribune Co.*, 8 F.3d 1195, 1199 (7th Cir. 1993); *see Galvez v. Veltri*, No. 05-CV-68 DRH, 2006 WL 1989801, at *2 (S.D. Ill. July 13, 2006) (dismissing case for want of prosecution where the plaintiff failed to keep the court apprised of his current mailing address).

Additionally, Sykes's failure to appear at the scheduling conferences, by itself, is sanctionable under Rule 16(f)(1)(A) with dismissal, a sanction that the Court explicitly warned him may be imposed in its Orders setting the September 13th and October 3rd conferences. After he failed to appear at the August 10th conference, the Court gave Sykes two additional opportunities to show cause for his failure to appear, affirmatively stating that it may recommend dismissal if he did not appear as ordered.

As such, the Court not only warned Sykes of the possibility of dismissal two times, but also gave him the chance to show cause—an opportunity he apparently declined to take—all of which suggests that dismissal is appropriate in this case. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("We have repeatedly held that a district court ordinarily may not dismiss a case for want of prosecution without first providing an explicit warning to the plaintiff." (citations omitted)); *Zimmerman v. Earthworks, Inc.*, No. 08-cv-0367, 2008 WL 5481124, at *1 (S.D. Ill. Dec. 18, 2008) (dismissing part of a case when plaintiff "had ample and explicit warning, including a rule to show cause, that failure to prosecute would result in dismissal of this case").

Accordingly, in the interests of judicial economy, and given Sykes's repeated failure to comply with the Court's Orders and apparent disinterest in pursuing his claims, dismissal of this case as both a sanction and for failure to prosecute is appropriate.

*C. Conclusion*

For the foregoing reasons, the undersigned Magistrate Judge recommends that this case be DISMISSED.

The Clerk is directed to send a copy of this Report and Recommendation to Sykes at his last known address, c/o 2438 CR #50, Auburn, IN 46706, and to counsel for Defendants. NOTICE IS HEREBY GIVEN that within fourteen days after being served with a copy of this recommended disposition a party may serve and file specific, written objections to the proposed findings or recommendations. Fed. R. Civ. P. 72(b). FAILURE TO FILE OBJECTIONS WITHIN THE SPECIFIED TIME WAIVES THE RIGHT TO APPEAL THE DISTRICT COURT'S ORDER. *See Brokaw v. Brokaw*, 128 F. App'x 527, 530 (7th Cir. 2005); *Lorentzen v. Anderson Pest Control*, 64 F.3d 327, 330 (7th Cir. 1995).

SO ORDERED.

Entered this 4th day of October 2016.

/s/ Susan Collins  
Susan Collins,  
United States Magistrate Judge